NOT FOR PUBLICATION (Document No. 7)

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY
CAMDEN VICINAGE

|  |  |
|---|---|
| ARMANDO VERDECCHIO,<br><br>                    Plaintiff,<br><br>         v.<br><br>TRI-COUNTY REAL ESTATE<br>MAINTENANCE CO., INC., and<br>JOHN BIBEAU,<br><br>                    Defendants. | Civil No. 12-1577 (RBK/KMW)<br><br>**OPINION** |

**KUGLER**, United States District Judge:

This matter arises out of Plaintiff Armando Verdecchio's ("Plaintiff") Complaint against Defendants Tri-County Real Estate Maintenance Co. and John Bibeau (collectively, "Defendants") alleging violations of the Fair Labor Standards Act ("FLSA" or the "Act"), 29 U.S.C. § 201 *et seq.* (2006). Currently before the Court is Defendants' motion to dismiss Plaintiff's Complaint for failure to state a claim upon which relief can be granted (Doc. No. 7). *See* Fed. R. Civ. P. 12(b)(6). For the reasons stated herein, the Court finds that Plaintiff's Complaint states a plausible claim for relief under the FLSA. Thus, Defendant's motion will be denied.

**I.      FACTUAL BACKGROUND[1]**

---

[1] When considering the sufficiency of the factual allegations in a plaintiff's complaint, the Court, for purposes of deciding a motion to dismiss under Fed. R. Civ. P. 12(b)(6), assumes such allegations to be true. *See Fowler v. UPMC Shadyside*, 578 F.3d 203, 211 (3d Cir. 2009).

1

Plaintiff was employed by Defendants as a repairman in Salem County, New Jersey from October 2008 until October 2011.  Amended Compl. ¶¶ 1-3.  Defendant Bibeau managed, owned, and operated Defendant Tri-County Real Estate Maintenance Co., Inc., an enterprise engaged in interstate commerce.  *Id.* at ¶¶ 9, 15.  Accordingly, Defendant Bibeau had authority to set Plaintiff's conditions of employment, including his work schedule and rate of pay.  *See id.*

Plaintiff's regular shift ran from 7:00 am to 3:30 pm five days a week.  *Id.* at ¶ 4.  Plaintiff routinely worked approximately five additional hours per work week for which he was not compensated.  *See id.* at ¶¶ 6-7.  He worked these hours either before 7:00 am or after 3:30 pm.  *Id.* at ¶ 7.

Plaintiff's Complaint alleges that Defendants' failure to compensate him for the hours he worked in excess of his regular 7:30 am to 3:30 pm shift violated the overtime compensation provisions of the FLSA.  *See* 29 U.S.C. § 207 (2006).  His Complaint is asserted on behalf of himself and "additional . . . non-exempt employees [of Defendants] who have worked in excess of Forty (40) hours during one or more work weeks on or after March 2009 [but] did not receive time and one-half of their regular rate of pay for [these hours] . . . ."  Amended Compl. ¶ 17.

**II.    DISCUSSION**

Federal Rule of Civil Procedure 12(b)(6) allows a court to dismiss an action for failure to state a claim upon which relief can be granted. When evaluating a motion to dismiss, "courts accept all factual allegations as true, construe the complaint in the light most favorable to the plaintiff, and determine whether, under any reasonable reading of the complaint, the plaintiff may be entitled to relief."  *Fowler v. UPMC Shadyside*, 578 F.3d 203, 210 (3d Cir. 2009) (quoting *Phillips v. County of Allegheny*, 515 F.3d 224, 233 (3d Cir. 2008)).  In other words, a complaint survives a motion to dismiss if it contains sufficient factual matter, accepted as true, to

"state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009); *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007).

To make this determination, a court conducts a three-part analysis. *Santiago v. Warminster Twp.*, 629 F.3d 121, 130 (3d Cir. 2010). First, the court must "tak[e] note of the elements a plaintiff must plead to state a claim." *Id.* (quoting *Iqbal*, 556 U.S. at 675). Second, the court should identify allegations that, "because they are no more than conclusions, are not entitled to the assumption of truth." *Id.* at 131 (quoting *Iqbal*, 556 U.S. at 680). Finally, "where there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement for relief." *Id.* (quoting *Iqbal*, 556 U.S. at 680). This plausibility determination is a "context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Iqbal*, 556 U.S. at 679. A complaint cannot survive where a court can only infer that a claim is merely possible rather than plausible. *Id.*

**III.   ANALYSIS**

In their motion to dismiss Plaintiff's Complaint, Defendants argue that Plaintiff has not made sufficiently specific factual allegations to satisfy the plausibility pleading standards of *Twombly* and *Iqbal*. *See* Def.'s Br. in Support of Mot. to Dismiss 8-11. In particular, Defendants assert that Plaintiff is obliged to allege the approximate number of hours he worked without receiving overtime pay. *Id.* at 9 (citing district court cases in support of this proposition). Further, the Complaint is deficient, Defendants maintain, because it fails to describe "how defendant was engaged in commerce as defined by the statute" or how the work Plaintiff performed for Defendant was not exempt from the FLSA's overtime rules. *Id.* at 10-11.

The FLSA specifies that under certain conditions, employees must be compensated at an overtime rate of one and one-half times their regular wage for any hours worked in excess of a forty hour per week threshold.  *See* 29 U.S.C. § 207 (2006).  To state a claim for unpaid overtime compensation, a plaintiff must allege (1) that he was an employee of the defendant; (2) that his work involved a connection to interstate commerce; and (3) the approximate number of hours worked for which he did not receive proper compensation.  *Scott v. Bimbo Bakeries, USA, Inc.*, at \*2 (E.D. Pa. Feb. 29, 2012) (citing *Zhong v. August August Corp.*, 498 F. Supp. 2d 625, 628 (S.D.N.Y. 2007).  Further where, as here, a plaintiff brings suit on behalf of himself and others similarly situated, his complaint should indicate who those other employees are and explain their alleged entitlement to relief.  *Id.*

Both parties recognize that some courts apply a fairly generous pleading standard for claims asserted under section 207 of the FLSA, while others require more detailed factual allegations.  *See Harris v. Scriptfleet, Inc.*, No. 11-4561, 2011 WL 6072020 at \*2 n.4 (D.N.J. Dec. 6, 2011) (comparing the liberal approach of *Uribe v. Mainland Nursery, Inc.*, No. 07–0229, 2007 WL 4356609 (E.D. Cal. Dec. 11, 2007) and *Qureshi v. Panjwani*, No. 08–3154, 2009 WL 1631798 (S.D.Tex. Jun. 9, 2009) with the strict pleading standards of *Pruell v. Caritas Christi*, No. 09–11466, 2010 WL 3789318 (D. Mass. Sept. 27, 2010) and *Villegas v. JPMorgan Chase*, No. 09–261, 2009 WL 605833 (N.D.Cal. Mar. 9, 2009)).  The Third Circuit has not specified the precision with which a claimant must allege an FLSA cause of action.  *Id.*  Thus, as it is admonished to do by the Supreme Court, this Court must draw upon its "judicial experience and common sense" to determine whether Plaintiff has stated a plausible claim for relief.  *See Iqbal*, 556 U.S. at 679.

In this case, Plaintiff alleges that he was an employed by Defendants as a repairman from October 2008 until October 2011. Amended Compl. ¶¶ 1-3. Further, Plaintiff states that Defendant Tri-County Real Estate Maintenance Co., Inc. was "an enterprise engaged in interstate commerce" and that accordingly Plaintiff's work affected interstate commerce. *Id.* at ¶ 15. In addition to his regular work hours from 7:00 am until 3:30 pm, Plaintiff alleges that he "routinely worked approximately five (5) hours per work week" either before 7:00 am or after 3:30 pm for which he was not properly compensated. *Id.* at ¶¶ 6-7. And finally, Plaintiff claims that the additional persons who may become plaintiffs in his action are those employees of Defendants not exempted under section 207 of the FLSA who worked more than forty hours per week for Defendants but were not properly compensated with time-and-a-half pay. *Id.* at ¶ 17.

Plaintiff's allegations that he worked as a repairman in Defendants' employ, that Defendants had control over his conditions of employment, and that both he and Defendants were engaged in interstate commerce, while perhaps cursory, are nonetheless sufficient to satisfy the first two elements of a prima facie claim under section 207 of the FLSA. Defendants do not bring any cases to the Court's attention suggesting otherwise.

With respect to the third element, courts have recognized that the "critical component of a complaint alleging violations of Section 207 is an approximation of the number of unpaid weekly overtime hours worked over the employment period." *Attanasio v. Community Health Systems, Inc.*, 11-582, 2011 WL 5008363 at *7 (M.D. Pa. Oct. 20, 2011). Here, while Plaintiff does not estimate exactly how many overtime hours he worked *in toto* during his employment with Defendants, he does provide a *per week* estimate. *See* Amended Compl. at ¶ 6. The *Harris* court found similar allegations sufficient after noting that it is the employers, rather than the employees, who must keep records of "wages, hours, and other [employment] conditions and

5

practices." *Harris*, 2011 WL 6072020 at *3 (citing 29 U.S.C. § 211(c) (2006)).  Thus, the court concluded, it would make little sense to require a plaintiff to plead a specific but necessarily unverified number of total unpaid overtime hours in his complaint as a condition of proceeding to discovery so that he can access his employer's records and determine that number with greater accuracy.  *See id.*   This Court credits such common sense reasoning.  Thus, it finds that Plaintiff's allegation of a weekly estimate of unpaid overtime hours, rather than a total number covering his approximately three years of employment with Defendants, will suffice.

## IV.   CONCLUSION

For the reasons stated above, the Court finds that Plaintiff has stated a plausible claim for relief under the FLSA.  Thus, Defendants' motion to dismiss Plaintiff's Complaint will be denied.  The Court will issue an appropriate order.


Dated:   12/18/2012                                                                  /s/ Robert B. Kugler
                                                                                     ROBERT B. KUGLER
                                                                                     United States District Judge